(100 South. 771)

Ex parte GEORGE C. BROWN & CO. et al.
(8 Div. 661.)

(Supreme Court of Alabama.     June 5, 1924.
Rehearing Denied June 26, 1924.)

Master and servant ⬳419—Defendants, offering no proof on motion to set aside compensation award, could not complain of dismissal.

In a compensation proceeding, defendants, having moved to set aside a decree awarding permanent compensation on ground that disability had terminated, assumed the burden of offering proof and failing to offer any, though evidencing their intention to do so by filing interrogatories, could not complain of dismissal of their motion.

Certiorari to Circuit Court, Madison County; Jas. E. Horton, Jr., Judge.

Petition of George C. Brown & Co. and the United States Fidelity & Guaranty Company for certiorari to the circuit court of Madison county to review the finding and judgment of said court in a proceeding under the Workmen's Compensation Act by B. P. Harris against George C. Brown & Co. Writ denied.

B. F. Smith, of Birmingham, for petitioners.

Counsel argues for error in the rulings of the court, but without citing authorities.

Watts & White, of Huntsville, opposed.

No appeal from the judgment of the court lies after 30 days. Acts 1919, p. 224, § 21; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803. Section 24 of the act applies only to modification of settlements made by agreement by the parties. Acts 1919, p. 225; Woodward Iron Co. v. Bradford, supra. Judgment for a lump sum may be awarded, where default in payments has been made. Acts 1919, § 26.

GARDNER, J. Petitioners here seek to review by certiorari the judgment of the court below awarding compensation under the provisions of our Workmen's Compensation Law to B. P. Harris, an employé of George C. Brown & Co.

Harris was injured on September 9, 1921, while at work in the employment of George C. Brown & Co., receiving personal injuries arising out of and in the course of said employment. The United States Fidelity & Guaranty Company was the insurance carrier for the employer. In February, 1922, Harris filed his petition with the circuit judge for permission to employ counsel as provided by section 7 of the Workmen's Compensation Act (Gen. Acts 1919, p. 206), which petition was granted. Thereupon his counsel filed petition seeking compensation as provided by part 2 of the Workmen's Compensation Act, and alleging total, permanent disability. Answer was filed, which does not appear to deny the question of liability, but insists the proceedings involved only a question as to the extent of plaintiff's injury and his physical condition.

The cause proceeded to a hearing, resulting in a finding by the court that the plaintiff was suffering from a total disability, and compensation was awarded accordingly, payable periodically. The court, however, further ordered that in view of the nature of the injuries the employé should be required to submit himself to periodical examinations to determine the continuance of the disability, although it then appeared to be permanent; and the cause was kept open for further orders in the event the report of the physicians on such examinations should make further action necessary. This judgment was rendered March 16, 1922.

In January, 1924, the defendants in the cause (petitioners here) filed a petition in the court below, alleging, among other matters, that the said Harris was not then permanently disabled, and had not been for several months prior to the filing of the petition, and had been regularly employed; and, in view of the facts therein alleged, prayed that the judgment awarding compensation for permanent disability be set aside. Due notice was given, and the petition set down for hearing on March 26, 1924, resulting in an order being entered on that date denying said petition. Petitioners submitted no evidence on the hearing of their petition. True, interrogatories appear to have been filed to some witnesses indicating an intention on the part of the petitioners as movants to offer evidence upon the hearing of their petition or motion, but no commissions were issued; nor is it here disclosed that petitioners sought further time to offer proof or that the matter was otherwise called to the attention of the court, but, on the contrary, the petition to this court merely alleges in this respect as follows:

"At the conclusion of which hearing, without any evidence being submitted on appellants' motion, the same was dismissed and denied, and judgment entered on the same."

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Very clearly petitioners, being the movants in that proceeding, assumed the burden of offering proof in support of their motion, and, none being submitted to the court, a denial of the motion presents nothing of which these petitioners can now complain.

In February, 1924, counsel for Harris filed a motion for a modification of the judgment or award by ascertaining the cash or present value of the award under the rule of compensation contained in section 25 of the Workmen's Compensation Act, and to require the defendants to pay said sum or to enter into bond securing the payment of all delinquent installments as provided for by said act. This petition was based upon the provisions of section 26 of our Compensation Act upon the ground that the judgment rendered was payable in installments, and that defendant Brown & Co. had been in default in the payment of the installments since December 6, 1923. Due notice was given, and this motion was heard on March 26, 1924, and a judgment rendered granting the same.

The proceedings thereunder appear to be in all respects in conformity with the provisions of our Workmen's Compensation Statute, and, indeed, counsel for petitioners here have not pointed out wherein the proceedings thereunder were in any manner irregular. Counsel for appellee have insisted that the questions here sought to be reviewed could not be presented in the method here employed, but we have preferred to pretermit a consideration of these questions, and rest a denial of the petition for writ of certiorari upon a consideration of the meritorious questions presented in brief.

The petition for certiorari will be denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.